# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Frankfort Division**

| | | |
|---|---|---|
| Wendy Gossage<br>   *Plaintiff* | )<br>)<br>) | |
| v. | )<br>) | Case No. 3:19-cv-00007-GFVT |
| Frost-Arnett Company<br>   *Defendant*<br>Serve:<br>   James R. Odell<br>   429 North Broadway<br>   Lexington, KY 40508 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| GLA Collection Co., Inc.<br>Serve:<br>   Michael L. Lynch<br>   2630 Gleeson Lane<br>   Louisville, KY 40299 | )<br>)<br>)<br>)<br>)<br>) | |
| MSN Healthcare Registries, LLC<br>   *Defendant*<br>Serve:<br>   James P. Trotter, III<br>   717 20th Street<br>   Columbus, GA 31901 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| MSN Innovative Strategies, LLC<br>   *Defendant*<br>Serve:<br>   James P. Trotter, III<br>   717 20th Street<br>   Columbus, GA 31901 | )<br>)<br>)<br>)<br>)<br>)<br>) | |

# FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is a complaint for Defendants' separate violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and under the FDCPA pursuant to 15 U.S.C. §1692k(d). Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Plaintiff as a consumer occurred within Shelby County, Kentucky which is located within this District.

## PARTIES

3. Plaintiff Wendy Gossage is a natural person who resides in Shelby County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant, Frost-Arnett Company ("Frost-Arnett") is a Tennessee corporation with its principal place of business located at 2105 Elm Hill Pike Nashville, TN 37210 registered with the Kentucky Secretary of State and engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on the behalf of creditors.

5. Frost-Arnett is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6. Defendant GLA Collection Co., Inc. ("GLA") is a Kentucky corporation whose principal office is located at 2630 Gleeson Lane Louisville, KY 40299 registered with the Kentucky Secretary of State and engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on behalf of creditors.

7. GLA is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

8. Defendant MSN Healthcare Registries, LLC ("MSN Healthcare") is a Georgia limited liability company with principal place of business located at 717 20th Street, Columbus, GA 31901. MSN Healthcare has not registered with the Kentucky Secretary of State and is engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on behalf of creditors.

9. MSN Healthcare is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are

citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

10. Defendant MSN Innovative Strategies, LLC ("MSN Innovative") is a Georgia limited liability company with principal place of business located at 717 20th Street, Columbus, GA 31901. MSN Healthcare has not registered with the Kentucky Secretary of State and is engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on behalf of creditors.

11. MSN Innovative is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

10. Like many of her fellow citizens Plaintiff Wendy Gossage ("Gossage") and her husband encountered financial difficulties in the wake fo the great recession of 2008.

11. As a result the Gossages sought the protection and new start afforded by the U.S. bankruptcy laws and filed for Chapter 7 bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of Kentucky on June 4, 2018 under case number 18-30272-grs (the "Gossage Bankruptcy").

12. Ms. Gossage did not reaffirm any of her debts in the Gossage Bankruptcy.

13. The U.S. Bankruptcy Court issued a discharge of Ms. Gossage's debts in the Gossage Bankruptcy on October 3, 2018 (the "Gossage Discharge").

14. The Gossage Discharge effectively discharged all of Ms. Gossage's debts subject to discharge whether listed on her petition or not as a matter of law. *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467 (6th Cir. Mich. 1998).

15. Despite the Gossages filing for Chapter 7 bankruptcy relief and the discharge of Defendants' debts the defendant debt collectors continued to attempt to collect those debts from Ms. Gossage both while the Gossage Bankruptcy was pending and after entry of the Gossage Discharge thereby violating the FDCPA in that the violations created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## I. Facts Relating to Frost-Arnett Company

16. Defendant Frost-Arnett Company ("Frost-Arnett") sent Ms. Gossage a dunning letter dated November 16, 2018 (the "Frost-Arnett Letter") in attempt to collect three medical debts from her that were originated by Norton Physician Services ("Norton").

17. The Norton debts were medical debts incurred for personal or family purposes, which makes each of the three Norton debts a "debt" within the meaning of the FDCPA.

18. Ms. Gossage listed debts to Norton Hospital and Norton Children's Hospital on Schedule F of her petition in the Gossage Bankruptcy.

19. When Frost-Arnett sent Ms. Gossage the Frost-Arnett Letter, it knew or should have known that Ms. Gossage had filed the Gossage Bankruptcy and that the U.S. Bankruptcy Court had entered the Gossage Discharge which discharged the Norton Hospital and Norton Children's Hospital unsecured debts.

20. Frost-Arnett violated the FDCPA by attempting to collect debts from Ms. Gossage that were discharged in the Gossage Bankruptcy and thereby created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## II. Facts Relating to GLA Collection Co., Inc.

21. Defendant GLA Collection Co., Inc. ("GLA") sent Ms. Gossage a dunning letter dated October 15, 2018 (the "GLA Letter") in an attempt to collect three medical debts from her that were originated by ULP Pediatrics.

22. The ULP Pediatrics debts were medical debts incurred for personal or family purposes which makes each of the ULP Pediatrics medical debts a "debt" within the meaning of the FDCPA.

23. Ms. Gossage listed GLA as a creditor on Schedule F of her petition.

24. When GLA sent the GLA Letter to Ms. Gossage GLA knew or should have known that Ms. Gossage had filed the Gossage Bankruptcy and and that the U.S. Bankruptcy Court had entered the Gossage Discharge which discharged the ULP Pediatrics unsecured debts.

25. GLA violated the FDCPA by attempting to collect debts from Ms. Gossage that were discharged in the Gossage Bankruptcy and thereby created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

**III.   Facts Relating to MSN Healthcare Strategies, LLC and MSN Innovative Strategies, LLC**

26.   Defendant MSN Healthcare Strategies, LLC ("MSN Healthcare") and/or Defendant MSN Innovative Strategies, LLC ("MSN Innovative") called Ms. Gossage one or more times after she filed for Chapter 7 bankruptcy relief in the Gossage Bankruptcy in an attempt to collect a debt originated by Radiology Specialists of Louisville.

27.   The Radiology Specialists of Louisville debt was a medical debt incurred for personal or family purposes, which makes the Radiology Specialists of Louisville medical debt a "debt" within the meaning of the FDCPA.

28.   Each time after June 4, 2018 that MSN Healthcare and/or MSN Innovative called Ms. Gossage, MSN Healthcare and/or MSN Innovative knew or should have known that Ms. Gossage had filed the Gossage Bankruptcy and that the U.S. Bankruptcy Court had entered the Gossage Discharge which discharged the Radiology Specialist debt unsecured debt.

29.   MSN Healthcare and/or MSN Innovative violated the FDCPA by attempting to collect a debt from Ms. Gossage that was discharged in the Gossage Bankruptcy and thereby created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## CLAIMS FOR RELIEF

**I.   Claims against Frost-Arnett Company**

30.   The foregoing acts and omissions by Frost-Arnett Company constitute violations of the FDCPA including, but not limited to, violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each section.

**II.   Claims against GLA Collection Co., Inc.**

31.   The foregoing acts and omissions by GLA Collection Co., Inc. constitute violations of the FDCPA including, but not limited to, violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each section.

**III.   Claims against MSN Healthcare Strategies, LLC and MSN Innovative Strategies, LLC**

32.   The foregoing acts and omissions by MSN Healthcare Strategies, LLC and MSN Innovative Strategies, LLC constitute violations of the FDCPA including, but not limited to,

violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each section.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wendy Gossage requests that the Court grant her the following relief:

1. Award the maximum amount of statutory damages against each Defendant;

2. Award Plaintiff attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages;

4. A trial by jury; and

5. Any other relief to which Plaintiff may be entitled.

Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James Hays Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com